IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| THOMAS B. GINTER,<br><br>        Plaintiff,<br><br>vs.<br><br>SAMUEL V. HARRIS, ROBERT FAUST, RICHARD G. HAMP, KATIE BERNARDS-GOODMAN, and DENISE DALTON,<br><br>        Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:13-cv-22 |

      On December 9, 2010, Plaintiff Thomas B. Ginter was convicted of the second degree felony of Communications Fraud and the second degree felony of Organizing, Establishing, and Promoting a Pyramid Scheme. (*See State of Utah v. Ginter*, Case No. 091901765-FS, Dkt. No. 12.) Defendant Samuel Vaughn Harris was a victim of this scheme. (*Id.*) After a hearing on April 4, 2011, Third District Court Judge Robert Faust ordered Mr. Ginter to pay $102,568.50 to Mr. Harris in restitution. (*Id.*) Mr. Ginter's criminal case is now on appeal to the Utah Court of Appeals. (*See State of Utah v. Ginter*, Case No. 20110337-CA, Ex. 1 to Def.'s Mot. to Dismiss, Dkt. No. 16.)

      Mr. Ginter filed this federal case against a number of parties who were involved in the state court case. Mr. Harris was the Defendant in that case, while Judge Faust was the presiding judge. Defendant Richard G. Hamp was the Utah Assistant Attorney General who prosecuted the case; Defendant Katie Bernards-Goodman was the state District Court judge who presided over a

restitution hearing; and Defendant Denise Dalton was the Assistant Attorney General who represented the State of Utah at that hearing.[1]

The Defendants move the court to dismiss this action for a number of reasons, including lack of jurisdiction, failure to state a claim, abstention from intervening in ongoing state court proceedings, and judicial and prosecutorial immunity. The court agrees that Mr. Ginter's case must be dismissed for a myriad of reasons. Most fundamentally, the court has no jurisdiction to hear this action.

Mr. Ginter's complaint appears to allege two causes of action. First, he asserts that Mr. Harris perjured himself during the criminal proceeding and that the other Defendants are accessories to perjury either during or after the fact. But the State of Utah does not recognize civil perjury as a private right of action. *See Desai v. Panguitch Main Street, Inc.*, 2012 WL 5464954, at *9 (D. Utah Nov. 8, 2012). And Mr. Ginter has not sufficiently pled any facts that would constitute a federal constitutional claim or action under 42 U.S.C. § 1983. Mr. Ginter's second cause of action, which seems to be an allegation that the Defendants breached a contract that was created after Mr. Ginter unilaterally determined that such a contract existed under the Constitutions of the United States and the State of Utah, is frivolous and without merit. This claim does not state any federal question.

Mr. Ginter's complaint does not allege that the parties are diverse, and it appears that both Mr. Ginter and the Defendants are all residents of Utah. As a result, the court has no federal question or diversity jurisdiction to hear this action and must dismiss it under Rule 12(h)(3) of

---

[1] According to the Defendants, these facts are not entirely accurate but are assumed as true for the purposes of their Motion to Dismiss.

the Federal Rules of Civil Procedure.  And while it is normally the court's practice to give a pro se plaintiff the opportunity to amend a complaint before dismissing a case, the court declines to do so here.  Mr. Ginter's Complaint does not appear to have any merit and Mr. Ginter is essentially asking the court to intervene in an ongoing state court proceeding, an action that the court is not going to take.  If Mr. Ginter feels he was wronged by the proceedings in the state District Court, he must first bring those arguments before the Utah Court of Appeals.

     For the reasons stated above, the court GRANTS the Defendants' Motion to Dismiss (Dkt. No. 16) and GRANTS Mr. Harris's Motion for Joinder (Dkt. No. 24).  The Defendants' Motion to Strike Mr. Ginter's Reply (Dkt. No. 23) is DENIED AS MOOT.  The court orders the Clerk of the Court to close the case.

     SO ORDERED this 16th day of April, 2013.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge